**CT Corporation**

**Service of Process Transmittal**
11/10/2020
CT Log Number 538566190

**TO:**  Kristen C. Wright, Sr. VP, General Counsel & Secretary
AutoZone, Inc.
123 S Front St
Memphis, TN 38103-3618

**RE:**  **Process Served in Texas**

**FOR:**  AutoZone Parts, Inc.  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kyra Samone Speights, PLTF. vs. AutoZone Parts, Inc., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # D1GN20006463 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/10/2020 at 11:53 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780125144711<br><br>Image SOP<br><br>Email Notification,  Pam Butler  PAM.BUTLER@AUTOZONE.COM<br><br>Email Notification,  Bridgett Knox  Bridgett.knox@autozone.com<br><br>Email Notification,  Brittney Lee  brittney.lee@autozone.com<br><br>Email Notification,  Ciji Arnold-Wells  ciji.arnold-wells@autozone.com<br><br>Email Notification,  Regina Swift  regina.swift@autozone.com<br><br>Email Notification,  Janice Turner  janice.turner@autozone.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / GN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

 **Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:**            Tue, Nov 10, 2020

**Server Name:**     Caleb Malone

| Entity Served | AUTOZONE PARTS, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | d-1-gn-20-006463 |
| Jurisdiction | TX |



C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-20-006463**

KYRA SAMONE SPEIGHTS

, Plaintiff

vs.
AUTOZONE PARTS, INC.

, Defendant

TO:  AUTOZONE PARTS, INC
     BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
     1999 BRYANN STREET, SUITE 900
     DALLAS, TEXAS 75201-3136
     OR WHEREVER SERVICE MAY BE ACCOMPLISHED

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on OCTOBER 23, 2020 in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, November 06, 2020.

REQUESTED BY:
GUILHERME GUIMARAES VASCONCELOS
1012 W ANDERSON LANE
AUSTIN, TX 78757
BUSINESS PHONE:(512)220-1800  FAX:(512)220-1801

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION AND REQUESTS

FOR DISCLOSURE, LAWYER REFERRAL accompanying pleading, having first attached such copy of such

citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-20-006463                    SERVICE FEE NOT PAID                    P01 - 000099548

☐ Original    ☐ Service Copy

EXHIBIT A

10/23/2020 6:10 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-006463
Ruben Tamez

CAUSE NO. <u>D-1-GN-20-006463</u>

| | | |
|---|---|---|
| Kyra Samone Speights<br>*Plaintiff,* | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§<br>§ | <u>353RD</u>   **JUDICIAL DISTRICT** |
| AutoZone Parts, Inc.,<br>*Defendant.* | §<br>§<br>§ | **TRAVIS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Kyra Samone Speights hereinafter called "Plaintiff," complaining of AutoZone Parts, Inc., hereinafter called "Defendant" and for cause of action would respectfully show the Court the following:

**I.**
### DISCOVERY CONTROL PLAN

1.00    Plaintiff desires that discovery be conducted under Discovery Level 3 pursuant to Tex. R. Civ. P. 190.4. Plaintiff will attempt to enter into an agreed discovery control plan with Defendant. However, failing an agreement on the issues, Plaintiff requests that the Court enter an appropriate discovery control plan tailored to the specific facts and circumstances of this lawsuit.

**II.**
### STATUS OF PARTIES AND SERVICE

2.00    Plaintiff, Kyra Samone Speights, is an individual who resided in Travis County, Texas at the time of the subject wreck.

2.01    Defendant **AUTOZONE PARTS, INC.** is a foreign for-profit corporation doing business in Texas. Service of process upon this Defendant may be accomplished by service upon

---

its registered agent, **C T CORPORATION SYSTEM**, at its registered address for service of process **1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136** or wherever service may be accomplished. *Issuance of citation is requested at this time.*

### III.
### JURISDICTION AND VENUE

3.00    Jurisdiction and Venue are proper in Travis County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1), in that Travis County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.01    This Court has jurisdiction over this cause of action because Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court and all conditions precedent have been performed or have occurred.

3.02 Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs are required to state the amount of damages they seek through this lawsuit. This exercise is largely arbitrary as the Plaintiff defers to the jury to determine the amount of damages incurred as a result of the incident in question, and discovery is yet to be conducted. Nonetheless, Plaintiff affirmatively states that she seeks monetary relief in accordance with Tex. R. Civ. P. 47(c)(5), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

3.03    No federal question exists and complete diversity of citizenship fails to exist.

### IV.
### FACTS

---

EXHIBIT A

4.00   On  March  20,  2019,  Plaintiff  Kyra  Samone  Speights  was  lawfully  operating  a 2006 Buick Lucerne, license plate LMJ2220, stopped at the stop light on Grand Avenue Parkway and Dessau Road in Pflugerville, Travis County, Texas. At the same date and time, driver Keman Caldwell in his full capacity as employee of AutoZone Parts, Inc., was operating a 2018 a Nissan truck. Keman  Caldwell  was  traveling  directly  behind  Plaintiff  when  he  rear-ended  and  struck Plainitff's vehicle.

4.02 At all times material to this accident, Keman Caldwell was under the course and scope of his employment with AutoZone Parts, Inc., and was acting in furtherance of the business of AutoZone Parts, Inc.

4.01   Keman Caldwell's negligence proximately caused Plaintiff's injuries and damages.

## V.
## NEGLIGENCE OF KEMAN CALDWELL EMPLOYEE OF DEFENDANT

5.00   Keman Caldwell acting under the course and scope of his employment with Defendant, AutoZone Parts Inc., had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. The injuries and damages sustained by Plaintiff were proximately caused by Keman Caldwell's negligence while he was acting under the course and scope of his employment with Defendant, AutoZone Parts Inc.

The negligence of Keman Caldwell consisted of, but is not limited to, the following acts and omissions:

   a.     failing  to  keep  a  proper  lookout  or  such  lookout,  which  a  person  of  ordinary prudence would have maintained under same or similar circumstances;

   b.     failing to timely apply the brakes of a vehicle in order to avoid the collision in question;

    c.      operating a vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under same or similar circumstances;

    d.      failing to take proper evasive action in an effort to avoid the collision in question;

    e.      failing to pay attention to the road and traffic conditions;

    f.      engaging in distracted driving;

    g.      failing to maintain an assured clear distance between vehicles; and

    h.      in all things, failing to act as a reasonable person of ordinary prudence under the same or similar circumstances.

5.01    Further, Keman Caldwell failed to exercise the mandatory standard of care in violation of the of **V.T.C.A. TRANSPORTATION CODE**, §545.062 (a), pursuant to the Negligence *Per Se* Doctrine which mandates that:

> "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles, so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle . . ."

5.02    Also, see **V.T.C.A. TRANSPORTATION CODE**, § 545.351, which states:

> "an operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing"

5.03    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence *per se*, which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VII.
## RESPONDEAT SUPERIOR

7.00   Plaintiff alleges that Defendant **AUTOZONE PARTS, INC.** is responsible for the acts and/or omissions of their employees, agents, and servants under the Doctrine of Respondeat Superior. Under the said Doctrine, Defendant is responsible for all damages resulting from the negligent acts and/or omissions of its employees, agents, and servants as said employees were acting within the course and scope of their employment.

7.01   At all times mentioned herein, the employees of Defendant were acting within the course and scope of their authority as such employees. At all times material hereto, all the agents, servants, and employees of Defendant that are in any way connected to this suit, were acting within the scope of their employment or official duties and in furtherance of the duties of their employment with **AUTOZONE PARTS, INC.**

7.02   At all times mentioned herein, Keman Caldwell acting under the course and scope of his employment with Defendant, AutoZone Parts Inc.

## VIII
## NEGLIGENCE OF DEFENDANT  OF AUTOZONE PARTS, INC.

8.00   Moreover, Plaintiff would show that, at the time of the Collision, Defendant was negligent in at least one or more of the following ways:

  a. Failing to train employees to drive safely;

  b. Failing to monitor employees to assure they are driving safely;

  c. Failing to hire employees capable of driving safely; and

  d. Negligently retaining employees incapable of driving safely.

Each and all of the above stated acts and/or omissions constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## IX.
## DAMAGES

9.00    As a direct and proximate result of the collision and the negligent conduct of Defendant, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries are likely to be permanent in nature. The injuries have had an effect on Plaintiff's health and well-being. As a further result of the nature and consequences of these injuries, Plaintiff has suffered and will likely continue to suffer physical pain and mental anguish in the future.

8.01    As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and is likely to incur medical expenses in the future to treat these injuries.

8.02    Plaintiff respectfully requests that the trier of fact determine the amount of damages and losses for:

        a.   Pain and suffering in the past;
        b.   Pain and suffering in the future;
        c.   Mental anguish in the past;
        d.   Mental anguish in the future;
        e.   Past medical expenses;
        f.   Future medical expenses;
        g.   Physical impairment in the past; and
        h.   Physical impairment in the future;

## X.
## INTEREST

10.00   Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

11.00   The following is the undersigned attorney's designated E-Service email address for all e-

served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: guilherme@texasjustice.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XII.
## REQUEST FOR DISCLOSURE TO DEFENDANT

12.00  Plaintiff requests that Defendant disclose the information contained in Tex. R. Civ. P. 194.2(a) through (l) within 50 days of the date this matter is served upon defendant.

## XIII.
## NOTICE OF SELF-AUTHENTICATION

13.00  Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document or things in response to Plaintiff's written discovery authenticates the document for use against Defendant in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer, and on final trial hereafter, Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, for compensatory and exemplary damages, and for such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

*/s/*Guilherme Vasconcelos
**DC LAW, PLLC**
Guilherme Vasconcelos
SBN: 24105728
guilherme@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757

T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

EXHIBIT A

**WRITTEN DISCOVERY FOR DEFENDANT IS ATTACHED
HERETO AS EXHIBIT 'A'**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daisy Mateus-Ramirez on behalf of Guilherme Vasconcelos
Bar No. 24105728
daisy@texasjustice.com
Envelope ID: 47493356
Status as of 10/27/2020 9:55 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Guilherme Vasconcelos | | Guilherme@texasjustice.com | 10/23/2020 6:10:04 PM | SENT |
| Daisy Mateus-Ramirez | | daisy@texasjustice.com | 10/23/2020 6:10:04 PM | SENT |

# EXHIBIT "A"

# WRITTEN DISCOVERY TO DEFENDANT AUTOZONE PARTS, INC.

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT AUTOZONE PARTS, INC.

---

Plaintiff, **Kyra Speights**, serves these First Set of Interrogatories upon Defendant, AutoZone Parts, Inc., pursuant to TEX. R. CIV. P. 197. Defendant must serve a written response to the requesting party no later than fifty (50) days after the date these interrogatories are served upon Defendant. *See* TEX. R. CIV. P. 197.2(a). Defendant is further requested to supplement all answers to this First Set of Interrogatories as required by the TEXAS RULES OF CIVIL PROCEDURE.

**Respectfully Submitted,**

*/s/Guilherme Vasconcelos*
**DC LAW, PLLC**
Guilherme Vasconcelos
SBN: 24105728
guilherme@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

**Definitions for Interrogatories:**

As used in these Interrogatories, the words and terms set forth below shall mean:

[1.1]   "Plaintiff," when used, refers to **Kyra Speights**.

[1.2]   "You," "Your," "Yourself," or "Defendant" mean: AUTOZONE PARTS, INC. his attorneys, insurers, employees, agents and representatives.

[1.3]   "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all log books, agreements, contracts, communications, correspondence, letters, telegrams, facsimile transmissions, telexes, messages, memoranda, records, reports, books, summaries, or other records of personal conversations, minutes, or summaries, or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bill statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.

[1.4]   "Crash" as used herein means the automobile crash made the basis of this lawsuit as more particularly described in the petition on file in this matter.

[1.5]   "Identify" or "Identification":

    (1)   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (2)   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

(3)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(a)     The title, heading, or caption, if any, of such document;

(b)     The identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(c)     The date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)     The number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(e)     The name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)     The name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)     The physical location of the document and the name of its custodian or custodians.

## INTERROGATORIES TO DEFENDANT AUTOZONE PARTS, INC.

**INTERROGATORY NO. 1:** Identify (name, employer, job title, job description, address, telephone number) of all persons who prepared or in any way assisted in preparing the answers to these interrogatories and your responses to requests for disclosure and requests for production.

**ANSWER:**

**INTERROGATORY NO. 2:** State the name of KEMAN CALDWELL'S immediate supervisor both as of the date of the Crash and at present.

**ANSWER:**

**INTERROGATORY NO. 3:** State what type of driver training program or driver monitoring was provided by your company to your employee driver, KEMAN CALDWELL.

**ANSWER:**

**INTERROGATORY NO. 4:** If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER:**

**INTERROGATORY NO. 5:** Do you contend that Plaintiff's damages were caused in whole or in part by the negligence of a person, persons, or entities who are not a party to this suit?  If so, please state:

  i.    the identity or the person, persons, or entities;
  ii.   all facts which would establish that such person, persons or entities   caused Plaintiff's injuries in whole or in part;
  iii.  the exact manner in which Plaintiff's injuries were caused in whole or in part by such person, persons or entities.

**ANSWER:**

**INTERROGATORY NO. 6:** State each and every individual act or omission on the part of Plaintiff you now contend or will contend at trial caused or contributed to the collision.

**ANSWER:**

**INTERROGATORY NO. 7:** State each and every factor other than the alleged negligence of Plaintiff which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential

Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

**INTERROGATORY NO. 8:** State each and every factor you now contend or will contend at trial caused or contributed to Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 9:** Please state if You (i.e. the answering Defendant) were required to comply, as of March 20, 2019, with the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, or required to comply with any safety regulations that were applicable to use of company vehicles. If your answer is in the negative, please explain why not.

**ANSWER:**

**INTERROGATORY NO. 10:** Was the automobile driven by KEMAN CALDWELL at the time of the Crash equipped with a tachograph or other on-board recording device or a satellite location device like QualComm that would record his vehicle's movements and speed? If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; (b) manufacturer, make, model, and type (e.g., disc, etc.) of the device.

**ANSWER:**

**INTERROGATORY NO. 11:** State the number and types of vehicles owned by or operated for you on March 20, 2019.

**ANSWER:**

**INTERROGATORY NO. 12:** Prior to the date of the subject Crash, were your ever audited by the U.S. Department of Transportation? If so, please state: (a) the date of each audit; (b) the number and type of each violation of which you were notified; and (c) any recommendations included in the audit results.

**ANSWER:**

**INTERROGATORY NO. 13:** Did you have a Safety Director (or other person in charge of driver safety no matter what the title) as of the date of the subject Crash? If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years previous to 2019.

**ANSWER:**

**INTERROGATORY NO. 14:** On the date of the subject Crash, did you use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with your company and their inclusive dates of employment; (b) Did such body or committee review the subject Crash, and if so, please state its finding and conclusions and deliberations.

**ANSWER:**

**INTERROGATORY NO. 15:** What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to KEMAN CALDWELL as a result of the Crash?

**ANSWER:**

**INTERROGATORY NO. 16:** Was KEMAN CALDWELL tested for drugs and alcohol following the subject Crash? If so, please state the results of such testing, the time and location of testing, and the entity that performed the test.

**ANSWER:**

**INTERROGATORY NO. 17:** List by date and topic all courses, classes and other training provided to KEMAN CALDWELL: (a) related to hazard recognition, accident avoidance, and defensive driving from the time he became your employee through March 20, 2019; (b) related to FMCSR Hours of Service Regulations; (c) related to the proper way to fill out driver records of duty status; (d) related to the proper use of company vehicles.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify the phone number and phone service provider for any cell phone which was active on March 20, 2019in the possession of Defendant KEMAN CALDWELL at the time of the collision.

**ANSWER:**

---

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT
## AUTOZONE PARTS, INC.

---

Plaintiff, **KYRA SPEIGHTS,** serve the following Requests for Production pursuant to Tex. R. Civ. P. 196 upon Defendant **AUTOZONE PARTS, INC.** Plaintiff requests that Defendant produce for inspection and/or copying the documents or tangible things described below. All of said documents and tangible things are to be produced according to the definitions, conditions, and instructions set forth below. Responses to these requests are due within fifty (50) days of the date Defendant is served with these Requests.

RESPECTFULLY SUBMITTED,

*/s/ Robert L. Ranco*
**DC LAW, PLLC**
Robert L. Ranco
SBN: 24029785
robert@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

**Definitions for Requests for Production:**

As used in these Requests for Production, the words and terms set forth below shall mean:

[1.1]  "Plaintiff," when used, refers to **KYRA SPEIGHTS**.

[1.2]  "You," "Your," "Yourself" or "Defendant," as used herein, mean: **AUTOZONE PARTS, INC.**, its attorneys, insurers, employees, agents and representatives.

[1.3]  "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all log books, agreements, contracts, communications, correspondence, letters, telegrams, facsimile transmissions, telexes, messages, memoranda, records, reports, books, summaries, or other records of personal conversations, minutes, or summaries, or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bill statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.

[1.4]  "The Crash" as used herein means the automobile crash made the basis of this lawsuit as more particularly described in the petitions on file in this matter.

**Instructions for Requests for Production:**

[2.1]   Data compilations, information recorded or microfilmed, microfiche, or tapes, discs, or other electronically recorded or stored materials or information must be produced in a form which permits the undersigned attorney to examine the same without aid or special equipment.

[2.2]   Documents and other tangible things produced in response to these requests should be clearly marked or labeled to correspond with each request numbered below.

[2.3.]   If any request set forth below "overlaps" another Request, so as to call for the same documents or tangible things, it shall be sufficient response to state under the "overlapping request" that the items have been produced. In such case, the request (where production was made) shall be specifically identified. Thus, where a document or tangible thing has been produced under a request, identical copies of the same document or thing need not be produced again unless it contains different markings, additions, or deletions or its content form, or makeup, is distinguishable in any manner.

[2.4]   In order to assure that each item or thing requested is described with reasonable particularity, clarifying information is included under certain requests herein below set forth. In such case, the additional information either summarizes the central gist of the request or more specifically describes the document or things sought.

**Place and Date for Production:**

[3.1]   Place: The documents and tangible things requested are to be produced at the office of DC Law, 1012 W. Anderson Lane, Austin, TX 78757 during regular business hours, within fifty (50) days after receipt of this request. If the documents and tangible things subject to this request are so voluminous and unwieldy so as to make physical delivery to Plaintiff's attorney's office impractical or unduly burdensome, Plaintiff is willing to entertain discussions regarding an alternative place for production.

**REQUESTS FOR PRODUCTION TO DEFENDANT
AUTOZONE PARTS, INC.**

1.    Complete and legible photocopies of all statements taken from Plaintiff.

2.    Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from Plaintiff or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

3.    Complete and legible photocopies of all statements from witnesses or persons with knowledge of relevant facts.

4.    All photographs, video tapes, movies, and other graphic representations of the scene of the collision, the vehicles involved, and the parties involved.

5.    All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the collision and the vehicles involved.

6.    All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

7.    A duplicate copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

8.    All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle driven by KEMAN CALDWELL for the period of one (1) year immediately preceding the collision.

9.    All documents and records relating to the damage and/or repair to the vehicle driven by KEMAN CALDWELL resulting from the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

10.   All documents and records relating to the damage and/or repair to Plaintiff's vehicle resulting from the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

11.   All documents and records with regard to the causation of the occurrence made the basis for this suit.

12.   All documents and records with regard to the medical condition of Plaintiff excluding any documents and records provided by Plaintiff.

13.   All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you

as a result of this incident.

14.   All newspaper articles that pertain to or reference the collision.

15.   All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by Plaintiff.

16.   All documents, records, reports, notations, or memoranda regarding Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

17.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

18.   All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

19.   Any and all trial exhibits.

20.   Any and all demonstrative evidence which you intend to utilize at trial.

21.   Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

22.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about Plaintiff and/or concerning the medical or physical condition of Plaintiff which are in the possession or constructive possession, custody or control of you, your attorney or anyone acting on your behalf.

23.   Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiff's cause of action.

24.   A copy of all documents relating to any criminal records pertaining to Plaintiff or any witnesses to the collision.

25.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about Plaintiff arising from the Crash.

26.   A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about Plaintiff arising from this Crash.

27. Produce all documents and tangible things that relate to the existence, extent, or expenses relating to your damages you claim in this lawsuit.

28. Produce all medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiff's claim.

29. Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

30. Your driver's manual.

31. Your safety manual.

32. Your safety program and driver attendance records pertaining to KEMAN CALDWELL.

33. All payroll records pertaining to KEMAN CALDWELL.

34. Any and all worker's compensation records pertaining to KEMAN CALDWELL.

35. Any and all results from urine samples pertaining to KEMAN CALDWELL.

36. Entire personnel file and payroll records of KEMAN CALDWELL.

37. Entire driver qualification file of KEMAN CALDWELL as that term is defined in the FMCSR.

38. Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

39. Any and all receipts of fuel, food, or supplies for March 20, 2019 to March 20, 2019 submitted by KEMAN CALDWELL.

40. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by KEMAN CALDWELL.

41. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

42. Any and all documents referencing or relating to safety meetings held at your facilities including minutes and logs of attendance from February 2019 through the present.

43. All documents reflecting the names and addresses of your employees, including authorized drivers of company vehicles, from February 2019 through the present.

44. Any manuals, driver's manuals, rules and regulations, policies and procedures, directives or notices in effect at the time the collision occurred utilized by KEMAN CALDWELL regarding your employees' work, driving activities, job performance, discipline, and safety.

45.   All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by KEMAN CALDWELL from or by any source.

46.   Please produce all documents related to any investigation performed by Defendant of the Crash on February 2019 or later, involving KEMAN CALDWELL and Plaintiff, as well as any disciplinary action taken as a result of such investigation.

47.   The entire personnel file for KEMAN CALDWELL regardless of when it was created.

48.   Any and all documents containing information obtained from the air bag control module on the vehicle driven by KEMAN CALDWELL on the day of the collision.

49.   Any and all documents containing information obtained from the power control module on the vehicle driven by KEMAN CALDWELL on the day of the Crash.

50.   Any and all documents containing information obtained from the vehicle driven by KEMAN CALDWELL on the day of the Crash.

51.   All photos of the vehicle driven by KEMAN CALDWELL on the day of the Crash.

52.   A copy of the title for the vehicle driven by KEMAN CALDWELL on the day of the Crash.

53.   Clearly readable copies of any and all records generated by the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system on board the company vehicle driven by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL regarding the Crash that forms the basis of this suit, which occurred on March 20, 2019 on system, and/or vehicle tracking system depicting the location of the company vehicle operated by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL and all satellite communication between KEMAN CALDWELL and Defendant for the six (6) months prior to and including the day of the Crash, which occurred on March 20, 2019.

54.   Clearly readable copies of any and all records generated by the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system on board the company vehicle driven by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL for the six (6) months prior to and including the Crash, which occurred on March 20, 2019, regarding the location of the vehicle, speed of the vehicle, direction of travel of the vehicle, and any other data regarding and/or evidencing the habits of the driver operating the vehicle.

55.   Any and all documents regarding the brand, make, model, and type of the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system on board the company vehicle driven by KEMAN

CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL at the time of the Crash, which occurred on March 20, 2019.

56. Any and all documents regarding the manufacturer of the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system on board the company vehicle driven by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL, including but not limited to informational brochures, instruction manuals, and maintenance records.

57. Any and all documents regarding the installation of the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system that was on board the company vehicle driven by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL at the time of the Crash, which occurred on March 20, 2019.

58. Clearly readable copies of any and all information generated by the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system on board the company vehicle driven by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL that was stored on CD-ROM or other electronic information storage medium for the six (6) months prior to and including the date of the Crash, occurring March 20, 2019.

59. Any and all reports generated weekly, monthly, bi-weekly, bi-monthly, semi-annually, and annually by the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system that monitored the company vehicle driven by KEMAN CALDWELL for the year prior to and including the date of the Crash, which occurred on March 20, 2019.

60. The system handbook for the global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system that monitored the company vehicle driven by KEMAN CALDWELL at the time of the Crash, which occurred on March 20, 2019.

61. Clearly readable copies of any and all data held by Defendant or a third party retrieved from any global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system for the vehicle operated by KEMAN CALDWELL that monitored the company vehicle driven by KEMAN CALDWELL depicting vehicle movement, stops, starts, idle time, engine start and stop, routes, speed, and direction of travel for the date of the Crash, which occurred on March 20, 2019.

62. Clearly readable copies of any and all data held by Defendant or a third party retrieved from any global positioning satellite system (GPS), satellite location system, satellite communication system, and/or vehicle tracking system for the vehicle operated by KEMAN CALDWELL or that monitored the company vehicle driven by KEMAN CALDWELL depicting vehicle movement, stops, starts, idle time, engine start and stop, routes, speed, and direction of travel for the six (6) months prior to and including the date

of the Crash, which occurred on March 20, 2019.

63.   Copies of any drive-cam videos taken by Defendant and/or KEMAN CALDWELL as a result of the Crash made the basis of this lawsuit.

64.   All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the Crash which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

65.   A copy of KEMAN CALDWELL'S commercial drivers' license or standard drivers' license.

66.   Logs for hours of service for KEMAN CALDWELL.

67.   All maintenance, repair and inspection records pertaining to the vehicle involved in the accident made the basis of this lawsuit from one year preceding the incident to one year after the incident.

68.   All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding Defendant's facilities or vehicles from March 20, 2019 through the present.

69.   Any and all operational receipts submitted by KEMAN CALDWELL for motor carrier operations in existence, but at least from March 20, 2019, through present.

70.   Any and all agreements, contracts or written arrangements in effect on the date of the collision between Defendant and KEMAN CALDWELL, including but not limited to, any contracts to perform transportation services on behalf of Defendant by KEMAN CALDWELL and any contracts as to the use of company vehicles owned by Defendant.

71.   Any contracts, lease or rental agreements, involving the automobile in effect on the date of the Crash.

72.   All computer run dispatch or operational daily summary data, including all computer run information, related to Defendant and KEMAN CALDWELL from March 20, 2019 to present.

73.   Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to Defendant and KEMAN CALDWELL by any law enforcement official or agency.

74.   Any and all other files and records maintained by Defendant in reference to any vehicular accident/Crash/collision prior to or after the Crash in question where Defendant and KEMAN CALDWELL was the driver of a vehicle involved in the accident/Crash/collision.

76.     The minutes of and records from any Safety Committee meeting for the three (3) years prior to March 20, 2019, and for the Crash which is the subject of this litigation.

77.     The minutes of and records from any Accident Review Committee meeting for the three (3) years prior to March 20, 2019, and for the Crash which is the subject of this litigation.

78.     The complete maintenance files maintained by Defendant on the automobile involved in the Crash, inclusive of any inspections, repairs or maintenance done to the automobile and daily condition reports submitted by Defendant and KEMAN CALDWELL in existence.

79.     A copy of cell phone and/or any other mobile communication device records for the company phone used by Defendant and KEMAN CALDWELL on the day in question.

80.     All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by Defendant and KEMAN CALDWELL from or by any source including, but not limited to, any driver schools.

81.     Any and all reports of safety audits (compliance reviews) of Defendant by the Department of Transportation or its agents from 2019 to present, together with all correspondence related thereto and the recommendations by the U.S. DOT for corrections.

82.     The billing records and monthly statements for any phone number or calling card used by Defendant and KEMAN CALDWELL from 201920 to the present

83.     Please produce all documents related to any investigation performed by Defendant of the Crash on March 20, 2019, involving Defendant and KEMAN CALDWELL and the Plaintiff, as well as any disciplinary action taken as a result of such investigation.

84.     Produce any and all records from the tachograph or other on-board recording device or a satellite location device like QualComm from February 2019 through present, for the vehicle in question driven by Defendant and KEMAN CALDWELL at the time of the Crash.

85.     Any and all documents which relates to, pertain to, identify and/or involve prior vehicular Crash involving employees of Defendant operating company vehicles in the last 10 years.

86.     A copy of cell phone records for the personal phone used by Defendant and KEMAN CALDWELL on the day in question, March 20, 2019.

87.     A true, accurate and complete copy of the Driver Qualification File of Defendant and KEMAN CALDWELL maintained by Defendant.

89.     Documents that show or reflect that. would NOT be liable for the acts and omissions of Defendant and KEMAN CALDWELL for his failure to exercise ordinary care

proximately causing injuries on March 20, 2019.

## THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

# IF YOU NEED A LAWYER
# AND DON'T KNOW ONE,
# THE LAWYER REFERRAL SERVICE
# CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.com

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN
# ABOGADO Y NO CONOCE A NINGUNO
# PUEDE LLAMAR
# A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.com

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

EXHIBIT A

11/13/2020 11:20 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-20-006463**
**Adrian Rodriguez**

## CAUSE NO. D-1-GN-20-006463

| | | |
|---|---|---|
| **KYRA SAMONE SPEIGHTS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **AUTOZONE PARTS, INC.** | § | **TRAVIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** AUTOZONE PARTS, INC., Defendant, in the above numbered and entitled cause, and files this Original Answer and for such Answer would respectfully show the following:

1.

Defendant invokes the provisions of Rule 92, <u>Texas Rules of Civil Procedure</u>; and does thereby exercise its legal right to require Plaintiff to prove all the allegations of her pleading, which are denied, and, accordingly, Defendant generally denies the allegations of Plaintiff's pleading and demands strict proof thereof by a preponderance of the evidence.

2.

## AFFIRMATIVE DEFENSES

Defendant would show that Plaintiff's damages, if any, were solely caused by matters or conditions not under the control of Defendant, or by conduct of parties over whom Defendant had no control. Said damages were caused in whole or in part by Plaintiffs' own negligence, acts or omissions.  Plaintiff failed to keep a proper lookout and take evasive action that would have prevented any damage.  Accordingly, Defendant asserts all rights, privileges and remedies

afforded or available to it pursuant to Chapter 33 of the Texas Civil Practices & Remedies Code, and all applicable common and statutory laws of the state of Texas.

3.

Additionally, and/or in the alternative, Defendant would affirmatively show that Plaintiff's injuries and damages, if any, were caused by an unavoidable accident and/or were not the result of negligence of any person or party.

4.

Additionally, and/or in the alternative, Defendant would affirmatively show that Plaintiff failed to properly mitigate her claims for damages.

5.

## **REQUEST FOR JURY**

Defendant in the above styled and numbered cause respectfully requests that this matter be set upon the Court's jury docket for trial by jury at such time as it is set for trial.  Defendant would show that in conjunction with this request the requisite jury fee has been tendered to the Clerk of the Court.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff recover nothing, that Defendant recovers costs of court, and Defendant requests general relief.

Respectfully submitted,

**NAMAN, HOWELL, SMITH & LEE, PLLC**
8310 Capital of Texas Highway North, Suite 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
aspy@namanhowell.com

BY: _____
P. Clark Aspy
State Bar No. 01394170
Madison Preston
State Bar No. 24096407

ATTORNEY FOR DEFENDANT, AUTOZONE
PARTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by the manner indicated below to all counsel of record on this 13th day of November, 2020.

Guilherme Vasconcelos
DC Law, PLLC
1012 West Anderson Lane
Austin, Texas 78757

_____
P. Clark Aspy

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

P. Aspy on behalf of P. Aspy
Bar No. 1394170
caspy@namanhowell.com
Envelope ID: 48074147
Status as of 11/17/2020 4:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daisy Mateus-Ramirez | | daisy@texasjustice.com | 11/13/2020 11:20:43 AM | SENT |
| Guilherme Vasconcelos | | Guilherme@texasjustice.com | 11/13/2020 11:20:43 AM | SENT |